IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WALTER NAYMOLA, JR. | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-cv-60 |
| BERKLEY REGIONAL INSURANCE COMPANY, BERKLEY NATIONAL INSURANCE COMPANY, AND PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE, | § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Walter Naymola, Jr. ("Naymola") files this Original Complaint against Defendants Berkley Regional Insurance Company ("BRIC"), Berkley National Insurance Company ("BNIC"), and Privilege Underwriters Reciprocal Exchange ("PURE") (collectively, "Defendants") and would respectfully show the Court as follows:

**I. PARTIES**

1. Plaintiff is an individual who is a Texas citizen.

2. BRIC is a Delaware corporation with its principal place of business located in Urbandale, Iowa. BRIC may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

3. BNIC is an Iowa corporation with its principal place of business located in Urbandale, Iowa. BNIC may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

4. PURE is a Delaware corporation with its principal place of business located in Fort Lauderdale, Florida. PURE may be served with process by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

## II. JURISDICTION & VENUE

5. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy exceeds the minimum jurisdictional limit.

6. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## III. FACTUAL ALLEGATIONS

### A. *Insurance Policies.*

7. BRIC issued Commercial Lines Policy No. ECA3161662-11, effective June 14, 2022 to June 14, 2023, to first-named insured National Tank & Equipment, LLC ("NTE"), providing business auto coverage with liability limits of $1,000,000 per occurrence (the "BRIC Policy").

8. The BRIC Policy contains Business Auto Declarations including a Schedule of Coverages and Covered Autos. In that schedule, the symbol for liability coverage is listed as "1." *See* BRIC Policy CA DS 83 00 08 14 at 1. The corresponding Business Auto Coverage Form includes a "Description of Covered Auto Designation Symbols" that indicates Symbol "1" means "Any 'Auto.'" *Id.*, CA 00 01 10 13 at 1.

9. The Coverage form's Section II sets forth Covered Autos Liability Coverage and includes a section outlining "Who Is An Insured" which reads as follows:

The following are "insureds" :

a. You for any covered "auto".
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
      1) The owner or anyone else from who you hire or borrow a covered "auto".
      2) Your "employee if the covered "auto" is owned by that "employee" or a member of his or her household.
      3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
      4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees" while moving property to or from a covered "auto".
      5) A partner ( if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
   c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*Id.* at 2. In the preamble to the Business Auto Coverage Form, the policy states that "the words 'you' and 'your' refer to the Named Insured shown in the Declarations." *Id.* at 1.

   10. Section II, which describes Covered Autos Liability Coverage, states as follows:

   A. Coverage

   We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos."
   …
   We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

   11. BNIC issued a Commercial Umbrella Policy No. EUL004450410 to NTE and 4-Horn Management, LLC ("4-Horn"), with effective dates from June 14, 2022 to June 14, 2023 ("BNIC Policy"). This policy has limits of $10 million per occurrence with a $10,000 self-insured

retention. The Schedule of Underlying Insurance lists the BRIC Policy under its "Automobile Liability" section. *See* EUL6004 03 10 at 1.

12. There is coverage under BNIC Policy's Coverage A.

13. Alternatively, or additionally, as may be necessary, there is also coverage under BNIC Policy's Coverage B.

14. The BNIC Policy addresses who qualifies as an insured. Coverage A provides in part:

> A. Coverage A – Excess Follow Form Liability Insurance
>
> With respect to Coverage A –- Excess Follow Form Liability Insurance, the following persons and organizations qualify as INSUREDS:
>
> 1. The NAMED INSURED shown on the Declarations Page; and
>
> 2. Other persons or organizations qualifying as an INSURED in UNDERLYING INSURANCE, but not beyond any limitation imposed under any written contract or written agreement.

15. In respect to who qualifies as an insured, the BNIC Policy Coverage B provides in part:

> B. Coverage B – Umbrella Liability Insurance
>
> With respect to Coverage B – Umbrella Liability Insurance, the following persons and organizations qualify as INSUREDS:
>
> 1. Named Insureds
>
> Each of the following is an INSURED if designated on the Declarations Page of this policy as a NAMED INSURED or satisfies the provisions in Section II.B.1.f. Newly Acquired or Formed Organizations:
>
> …
>
> c. Limited Liability Company:
>
>   If YOU are a limited liability company – YOU and YOUR MEMBERS are INSUREDS, but only with respect to the conduct of YOUR business.

YOUR MANAGERS are also INSUREDS, but only with respect to their duties as YOUR MANAGERS.

2. Insureds

Each of the following is an INSURED with respect to Section 1.B. Coverage B – Umbrella Liability Insurance:

a. Employees and Volunteer Workers

YOUR EMPLOYEES, but only for acts within the scope of their employment by YOU or while performing duties related to the conduct of YOUR business; and VOLUNTEER WORKERS, but only while acting at YOUR direction and performing duties related to the conduct of YOUR business.

16. The BNIC Policy also addresses BNIC's duty to defend its insureds:

VI. Supplementary Payments and Defense

A. Subject to all of the terms and conditions of this policy, WE will have the right and duty to defend the INSURED, including without limitation, to appoint counsel to represent the INSURED:

1. Under Coverage A – Excess Follow Form Liability Insurance, against any CLAIM or SUIT seeking damages or POLLUTION CLEAN UP COSTS arising out of an ELIGIBLE POLLUTION INCIDENT, to which this coverage applies, if the applicable underlying limits and the total applicable limits of any OTHER INSURANCE have been exhausted by payment of judgments, settlements, or related loss, cost, or expense (if such loss, cost, or expense reduces such limits); or

2. Under Coverage B – Umbrella Liability Insurance, against a CLAIM or SUIT to which this policy applies.

17. PURE issued Policy No. PA 199585905 with effective dates of August 15, 2021 to August 15, 2022 to Walter E. Naymola, Jr. ("PURE Auto Policy"). The PURE Auto Policy had limits of $250,000 per person and $500,000 per occurrence. PFA-DEC-TX-001 (08/2019) at 2.

18. Under the Definitions section, the PURE Auto Policy states that:

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations…

…

C. For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

    1. Under a written agreement to that person; and

    2. For a continuous period of at least 6 months.

…

J. "Your covered auto" means:

    1. Any vehicle shown in the Declarations

19. The PURE Auto Policy Declarations include a section entitled "Summary of Your Covered Autos" which includes three vehicles: a 2016 Dodge with a VIN ending in 7807; a 2016 Dodge with a VIN ending in 4629; and a 2017 Ford with a VIN ending in 9170. None of these vehicles match the one listed in the relevant police report as the one driven by Naymola at the time of the accident; that vehicle's VIN ended in 5377.

20. PURE issued Policy No. EX 199585605 to Walter E. Naymola, Jr. for the policy period from August 15, 2021 to August 15, 2022 ("Pure Excess Policy").

21. The PURE Excess Policy has limits of $10,000,000 for "Private Passenger Automobile, Motorcycle or Motor Home Liability."

22. The PURE Excess Policy contains the following definitions:

    a. **Auto** means any self propelled land vehicle which requires motor vehicle registration or operator licensing.

    b. **Business** means a trade, occupation or profession engaged in on a full-time, part-time or occasional basis. **Business** also means any other activity engaged in for money or other compensation. **Business** does not include incidental business.

    c. **Follow Form** states "We will cover damages to the extent they are both covered by the required underlying insurance and not excluded by this policy. The provision of this policy supersede and replace similar provisions in the underlying policy. We will not provide broader coverage than the underlying

policy. When coverage is provided on a follow form basis and no underlying insurance exists, coverage will be determined as if we had sold the required underlying insurance.

    d. **Underlying Insurance** means all liability insurance providing coverage for damages that are covered by this policy. **Underlying insurance** does not include this policy or insurance specifically purchased to be excess of this policy.

23. The PURE Excess Policy includes the following coverages:

**A. Excess Liability**

We will pay for **damages** that an **insured** is legally obligated to pay as a result of **property damage** or **personal injury** caused by an **occurrence** to which this coverage applies:

A) In excess of the **underlying insurance** or the minimum required underlying limits, whichever is greater; or
B) From the first dollar where coverage provided by required **underlying insurance** does not apply or **underlying insurance** is not required.

    D. Defense Coverage

1. Defense Coverage and Claims Expenses
We will provide a defense against any claim made or suit brought against an insured for damages covered by this policy and where;

    a) The underlying insurance has been exhausted by payment of claims;
    b) No underlying insurance is required; or
    c) The required underlying insurance does not apply.

We will provide a defense even if the suit is groundless, false or fraudulent.

…

Our duty to defend any insured against any claim or suit ends when the amount we pay for damages in judgment or settlements resulting from the occurrence equals the coverage limit shown on your Declarations.

24. The PURE Excess Policy also contains Exclusions for:

    a. Motorized Land Vehicles

    Arising out of the ownership, maintenance, loading or unloading of:

> a) Any motorized land vehicle other than an auto or recreational motor vehicle; or
>
> b) Any auto or recreational motor vehicle not covered by underlying insurance.

25. The PURE Excess Policy further contains a section on required underlying insurance:

> A. Required Underlying Insurance
>
> 1. It is a condition of this policy that you and your family members maintain primary underlying insurance in full effect for the Minimum Required Underlying Limits shown on your Declarations covering:
>
> …
>
> b) Liability for Bodily injury or property damage arising from all vehicles and watercraft you or a family member own or rent, lease or have furnished for use for longer than 45 days.
>
> 2. We will not be liable under this policy for more than we would have been liable if the required underlying insurance was in effect if:
>
> a) You or a family member fail to maintain the required underlying insurance.
>
> …
>
> When an occurrence involving an auto or watercraft is covered by this policy and not covered by an underlying policy, this policy will follow form. We will proceed as though the underlying insurance was sold by us.

## B. The Accident.

26. On or about June 22, 2022, Mr. Naymola was involved in a multi-vehicle accident in Beaumont, Texas.

27. Mr. Naymola was driving a vehicle belonging to NTE at the time of the accident.

28. As a result of the accident, multiple other parties involved brought suit against Mr. Naymola.

## C. The Underlying Suits

29. There are three related petitions filed against Mr. Naymola arising out of the June 22, 2022 accident.

30. On June 28, 2022, Tiffany Barnaby filed suit against National Tank & Equipment, LLC; 4-Horn Investments, LP; 4-Horn Industrial, LLC; and Walter Naymola in Jefferson County, Texas ("Barnaby Petition"; collectively, with intervening plaintiffs, "Barnaby Lawsuit"). The Barnaby Petition is attached as Exhibit 1 and incorporated herein as if set forth in full.

31. On July 8, 2022, Carlos Zuniga Castillo and Karla Ho, as next friend of KH, a minor, filed a petition in intervention in the Barnaby Lawsuit against National Tank & Equipment, LLC; 4-Horn Investments, LP; 4-Horn Industrial, LLC; and Walter Naymola ("Castillo Petition"). The Castillo Petition is attached as Exhibit 2 and incorporated herein as if set forth in full.

32. On July 11, 2022, Matthew and Alexa Esthay, both individually and as next friend of minors H.E. and N.E., filed a petition in intervention in the Barnaby Suit ("Esthay Petition"). The Esthay Petition is attached as Exhibit 3 and incorporated herein as if set forth in full.

### D. Tenders to BRIC, BNIC, and PURE

33. Plaintiff has tendered the above petitions to BRIC, BNIC, and PURE.

34. On October 5, 2022, BRIC denied Plaintiff's tender and refused to provide a defense in the Barnaby Lawsuit.

35. BNIC has neither accepted nor denied coverage under the BNIC Policy.

36. After being asked to reconsider its denial, BRIC again refused to provide a defense in the Barnaby Lawsuit via letter on December 15, 2022.

37. PURE denied a defense to Plaintiff in the Barnaby Lawsuit on September 12, 2022.

38. PURE has agreed to monitor the case for the limited purpose of potential indemnity under a reservation of rights.

39. PURE has still not agreed to assume Plaintiff's defense.

40. Defendants owe a defense to Plaintiff in the Barnaby Lawsuit.

41. Defendants owe indemnity to Plaintiff in the Barnaby Lawsuit.

### IV.   COUNT ONE-BREACH OF CONTRACT (BRIC, BNIC, AND PURE)

42. Plaintiff incorporates the foregoing paragraphs as if restated herein.

43. The BRIC, BNIC, and PURE Policies constitute valid and existing contracts drafted to specifically benefit Plaintiff as a third-party beneficiary.

44. Plaintiff has fully performed and/or tendered performance under the BRIC, BNIC, and PURE Policies including all conditions precedent to bringing these claims.

45. BRIC, BNIC, and PURE have breached the BRIC, BNIC, and PURE Policies respectively, by refusing to provide a defense and indemnity in the Barnaby Lawsuit.

46. Defendants' breaches have resulted in damages to Plaintiff, including actual damages, court costs, and attorney's fees.

### V.   COUNT TWO-VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE (ALL DEFENDANTS)

47. Plaintiff incorporates the foregoing paragraphs as if restated herein.

48. Through their actions described herein, Defendants have knowingly violated Section 541.060 of the Texas Insurance Code, including but not limited to:

   a. misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the Defendants' liability had become reasonably clear; and/or

   c. refusing to pay a claim without conducting a reasonable investigation.

49. Defendants' violations have caused Plaintiff to suffer damages, including actual damages, court costs, and attorney's fees.

50. Further, upon information and belief, Defendants knowingly committed these acts, entitling Plaintiff to an award of three times the amount of actual damages.

### VI. COUNT THREE-VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE (ALL DEFENDANTS)

51. Plaintiff incorporates the foregoing paragraphs as if restated herein.

52. Through its actions described herein, Defendants have violated Chapter 542 of the Texas Insurance Code.

53. Plaintiff's request for defense payments from Defendants is a first-party claim.

54. Defendants are in breach of Texas Insurance Code sections 542.055, 542.056, 542.057, and/or 542.058.

55. Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees and prejudgment interest.

### VII. COUNT FOUR-DECLARATORY RELIEF (ALL DEFENDANTS)

56. Plaintiff incorporates the foregoing paragraphs as if restated herein.

57. An actual, ripe, justiciable controversy exists as to the parties to this suit, and this Court has jurisdiction to resolve the issues brought by the Plaintiff.

58. Plaintiff seeks a declaration of coverage under the Defendants' policies, specifically that:

   a. Plaintiff is entitled to a defense from each of the Defendants, jointly or severally, in respect to the Barnaby, Castillo, and/or Esthay Petitions and any amendments or supplements to same.

b. Plaintiff is entitled to indemnity from each of the Defendants, jointly or severally, in respect to the claims asserted in the Barnaby, Castillo, and/or Esthay Petitions and any amendments or supplements to same.

## VIII. JURY DEMAND

59. Plaintiff demands a trial by jury of all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX. PRAYER

Wherefore, Plaintiff prays that Defendants be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendants for the following relief:

a) Actual damages, direct and consequential;

b) Statutory interest and trebling of damages;

c) Attorney's fees and court costs;

d) Pre-judgment and post-judgment interest; and

e) All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Blair Dancy*
Blair Dancy
State Bar No. 24001235
bdancy@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEYS FOR PLAINTIFF**